1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                  EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,        )    1:09-cv-0797 OWW DLB
                                      )
10                  Plaintiff,        )    SCHEDULING CONFERENCE ORDER
                                      )
11       v.                           )    Discovery Cut-Off: 7/15/10
                                      )
12   RAY CLINGENPEEL; SHIRLEY A.      )    Non-Dispositive Motion
     CLINGENPEEL; TUFFY RUFFY TRUST   )    Filing Deadline: 9/1/10
13   by DAVID K. JACOBS, TRUSTEE      )
     AND/OR BY ANITA MORRISON,        )    Dispositive Motion Filing
14   TRUSTEE; SUSAN BELL TRUST BY     )    Deadline: 9/20/10
     DAVID K. JACOBS, TRUSTEE; AND/OR )
15   BY ANITA MORRISON, TRUSTEE; ATEL )    Settlement Conference Date:
     CAPITAL GROUP; STATE OF          )    None
16   CALIFORNIA FRANCHISE TAX BOARD,  )
     RESIDENTIAL CREDIT SOLUTIONS;    )    Pre-Trial Conference Date:
17   CITIBANK (SOUTH DAKOTA) NA;      )    11/29/10 11:00 Ctrm. 3
     TASHIMA FAMILY TRUST BY MIKIYE   )
18   TASHIMA, TRUSTEE,                )    Trial Date: 1/4/11 9:00
                                      )    Ctrm. 3 (CT-5 days)
19                  Defendants.       )
                                      )
20   _____)

21

22   I.   Date of Scheduling Conference.

23        August 20, 2009.

24   II.  Appearances Of Counsel.

25        G. Patrick Jennings, Esq., Trial Attorney, Tax Division,

26   U.S. Department of Justice, appeared on behalf of Plaintiff.

27        Ferns, Adams & Associates by Barry W. Ferns, Esq. appeared

28   on behalf of Defendant Atel Capital Group.

                              1

1    Shirley Clingenpeel appeared in pro se.

2    Anita Morrison appeared in pro se for Anita Morrison,

3    Trustee of the Tuffy Ruffy Trust and Susan Bell Trust.

4    No one appeared on behalf of Defendant Residential Credit

5    Solutions.

6    The State of California Franchise Tax Board has filed a

7    disclaimer.

8    Citibank South Dakota NA has not yet been served.

9    The Tashima Family Trust has filed a disclaimer of interest

10   as their lien has been fully paid.

11   Ray Clingenpeel did not appear.

12   III.  Summary of Pleadings.

13   1.    This is a civil action brought by the United States of

14   America: (a) to reduce to judgment federal tax assessments

15   against Ray Clingenpeel and Shirley A. Clingenpeel ("taxpayers")

16   for the taxable years ending December 31, 1996 through 2000; (b)

17   to adjudicate that the Tuffy Ruffy Trust and Susan Bell Trust are

18   nominees, alter egos, and fraudulent transferees of the

19   taxpayers; (c) to adjudicate that Tuffy Ruffy Trust and Susan

20   Bell Trust are sham trusts; and (d) to foreclose federal tax

21   liens against two parcels of real property.

22   2.    The taxpayers deny that they made any fraudulent

23   transfers; deny that Tuffy Ruffy Trust and Susan Bell Trust are

24   nominees, alter egos, or fraudulent transferees of the taxpayers;

25   deny that Tuffy Ruffy Trust and Susan Bell Trust are sham trusts;

26   and deny the amount of the federal tax assessments against the

27   taxpayers are accurate.

28   3.    The remaining Defendants - Atel Capital Group,

2

1   Residential Credit Solutions, Citibank South Dakota NA – are

2   named only because they may claim an interest in the subject

3   property.  The United States anticipates that a stipulation

4   determining priority will be prepared early in this case and that

5   an Order disbursing proceeds will be entered after the sale of

6   the subject property.

7   IV.   Orders Re Amendments To Pleadings.

8        1.   The parties do not anticipate amending the pleadings at

9   this time.

10       2.   The parties do not anticipate joining any additional

11  parties.

12  V.    Factual Summary.

13       A.   Admitted Facts Which Are Deemed Proven Without Further

14  Proceedings.

15            1.   The United States of American sues, as sovereign,

16  to enforce Federal tax assessments.

17            2.   Ray Clingenpeel is an individual resident of the

18  Eastern District of California, Fresno Division.

19            3.   Shirley A. Clingenpeel is an individual resident of

20  the Eastern District of California.

21            4.   Anita Morrison is an individual resident of the

22  Eastern District of California and acts as the trustee for the

23  Tuffy Ruffy Trust and Susan Bell Trust.

24            5.   Atel Capital Group is a creditor of record

25  claiming a lien interest in real property alleged to be owned by

26  Ray and/or Shirley A. Clingenpeel.

27            6.   Citibank South Dakota NA is a creditor claiming

28  some interest in or to the real property subject of this action.

1      B.    Contested Facts.

2           1.    Whether the taxpayers are liable for the tax

3      assessments at issue.

4           2.    Whether the Tuffy Ruffy Trust and Susan Bell Trust

5      hold the taxpayers' business property and personal residence as

6      nominees, alter egos, or fraudulent transferees of the taxpayers.

7           3.    Whether the Tuffy Ruffy Trust and Susan Bell Trust

8      may be disregarded as sham trusts so that the Federal tax liens

9      may be enforced against the taxpayers' property.

10     VI.  Legal Issues.

11          A.    Uncontested.

12          1.    Jurisdiction exists under 28 U.S.C. §§ 1340 and

13     1345 and pursuant to 26 U.S.C. §§ 7402 and 7403.

14          2.    Venue is proper under 28 U.S.C. §§ 1391(b) and

15     1396 because the tax assessments accrued within this judicial

16     district.  The taxpayers reside within this judicial district,

17     and the real property the United States seeks to foreclose is

18     located within this judicial district.

19          3.    The parties agree that the substantive law of the

20     State of California provides the rule of decision as to

21     supplemental issues.

22          B.    Contested.

23          1.    All remaining legal issues are contested.

24     VII. Consent to Magistrate Judge Jurisdiction.

25          1.    The parties have not consented to transfer the

26     case to the Magistrate Judge for all purposes, including trial.

27     VIII.    Corporate Identification Statement.

28          1.    Any nongovernmental corporate party to any action in

                                  4

1   this court shall file a statement identifying all its parent

2   corporations and listing any entity that owns 10% or more of the

3   party's equity securities.  A party shall file the statement with

4   its initial pleading filed in this court and shall supplement the

5   statement within a reasonable time of any change in the

6   information.

7   IX.   Discovery Plan and Cut-Off Date.

8        1.   The parties shall make their Rule 26 initial

9   disclosures on or before October 1, 2009.

10       2.   The parties are ordered to complete all discovery on or

11  before July 15, 2010.

12       3.   The parties are directed to disclose all expert

13  witnesses, in writing, on or before January 15, 2010.  Any

14  rebuttal or supplemental expert disclosures will be made on or

15  before April 15, 2010.  The parties will comply with the

16  provisions of Federal Rule of Civil Procedure 26(a)(2) regarding

17  their expert designations.  Local Rule 16-240(a) notwithstanding,

18  the written designation of experts shall be made pursuant to F.

19  R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

20  information required thereunder.  Failure to designate experts in

21  compliance with this order may result in the Court excluding the

22  testimony or other evidence offered through such experts that are

23  not disclosed pursuant to this order.

24       4.   The provisions of F. R. Civ. P. 26(b)(4) shall

25  apply to all discovery relating to experts and their opinions.

26  Experts may be fully prepared to be examined on all subjects and

27  opinions included in the designation.  Failure to comply will

28  result in the imposition of sanctions.

1  **X.    Pre-Trial Motion Schedule.**

2       1.    All Non-Dispositive Pre-Trial Motions, including any
3  discovery motions, will be filed on or before September 1, 2010,
4  and heard on October 4, 2010, at 9:00 a.m. before Magistrate
5  Judge Dennis L. Beck in Courtroom 9.

6       2.    In scheduling such motions, the Magistrate
7  Judge may grant applications for an order shortening time
8  pursuant to Local Rule 142(d).  However, if counsel does not
9  obtain an order shortening time, the notice of motion must comply
10  with Local Rule 251.

11       3.    All Dispositive Pre-Trial Motions are to be
12  filed no later than September 20, 2010, and will be heard on
13  October 29, 2010, at 10:00 a.m. before the Honorable Oliver W.
14  Wanger, United States District Judge, in Courtroom 3, 7th Floor.
15  In scheduling such motions, counsel shall comply with Local Rule
16  230.

17  **XI.   Pre-Trial Conference Date.**

18       1.    November 29, 2010, at 11:00 a.m. in Courtroom 3, 7th
19  Floor, before the Honorable Oliver W. Wanger, United States
20  District Judge.

21       2.    The parties are ordered to file a Joint Pre-
22  Trial Statement pursuant to Local Rule 281(a)(2).

23       3.    Counsel's attention is directed to Rules 281
24  and 282 of the Local Rules of Practice for the Eastern District
25  of California, as to the obligations of counsel in preparing for
26  the pre-trial conference.  The Court will insist upon strict
27  compliance with those rules.

28  ///

1  XII. Motions - Hard Copy.

2      1.   The parties shall submit one (1) courtesy paper copy to
3  the Court of any motions filed that exceed ten pages and any
4  motions that have exhibits attached.  Exhibits shall be marked
5  with protruding numbered or lettered tabs so that the Court can
6  easily identify such exhibits.

7  XIII.  Trial Date.

8      1.   January 4, 2011, at the hour of 9:00 a.m. in Courtroom
9  3, 7th Floor, before the Honorable Oliver W. Wanger, United
10 States District Judge.

11     2.   The taxpayers have demanded trial on all issues that
12 are triable to a jury.  The government maintains that the
13 taxpayers are entitled to jury trial on the amount of tax, not on
14 foreclosure issues which are equitable.

15     3.   Counsels' Estimate Of Trial Time:

16          a.   5 days.

17     4.   Counsels' attention is directed to Local Rules
18 of Practice for the Eastern District of California, Rule 285.

19 XIV. Settlement Conference.

20     1.   A Settlement Conference is not scheduled at this time.
21 If the parties believe a Settlement Conference will be helpful,
22 they are directed to contact Magistrate Judge Beck's chambers to
23 schedule same.

24     2.   Unless otherwise permitted in advance by the
25 Court, the attorneys who will try the case shall appear at the
26 Settlement Conference with the parties and the person or persons
27 having full authority to negotiate and settle the case on any
28 terms at the conference.

7

1        3.    Permission for a party [not attorney] to attend

2   by telephone may be granted upon request, by letter, with a copy

3   to the other parties, if the party [not attorney] lives and works

4   outside the Eastern District of California, and attendance in

5   person would constitute a hardship.  If telephone attendance is

6   allowed, the party must be immediately available throughout the

7   conference until excused regardless of time zone differences.

8   Any other special arrangements desired in cases where settlement

9   authority rests with a governing body, shall also be proposed in

10  advance by letter copied to all other parties.

11       4.    Confidential Settlement Conference Statement.

12  At least five (5) days prior to the Settlement Conference the

13  parties shall submit, directly to the Magistrate Judge's

14  chambers, a confidential settlement conference statement.  The

15  statement should not be filed with the Clerk of the Court nor

16  served on any other party.  Each statement shall be clearly

17  marked "confidential" with the date and time of the Settlement

18  Conference indicated prominently thereon.  Counsel are urged to

19  request the return of their statements if settlement is not

20  achieved and if such a request is not made the Court will dispose

21  of the statement.

22       5.    The Confidential Settlement Conference

23  Statement shall include the following:

24            a.    A brief statement of the facts of the

25  case.

26            b.    A brief statement of the claims and

27  defenses, i.e., statutory or other grounds upon which the claims

28  are founded; a forthright evaluation of the parties' likelihood

**8**

1 | of prevailing on the claims and defenses; and a description of
2 | the major issues in dispute.

3 |         c.   A summary of the proceedings to date.

4 |         d.   An estimate of the cost and time to be
5 | expended for further discovery, pre-trial and trial.

6 |         e.   The relief sought.

7 |         f.   The parties' position on settlement,
8 | including present demands and offers and a history of past
9 | settlement discussions, offers and demands.

10 | XV.   Request For Bifurcation, Appointment Of Special Master,
11 | Or Other Techniques To Shorten Trial.

12 |      1.   None.

13 | XVI. Related Matters Pending.

14 |      1.   There are no related matters.

15 | XVII.   Compliance With Federal Procedure.

16 |      1.   The Court requires compliance with the Federal
17 | Rules of Civil Procedure and the Local Rules of Practice for the
18 | Eastern District of California.   To aid the court in the
19 | efficient administration of this case, all counsel are directed
20 | to familiarize themselves with the Federal Rules of Civil
21 | Procedure and the Local Rules of Practice of the Eastern District
22 | of California, and keep abreast of any amendments thereto.

23 | XVIII.   Effect Of This Order.

24 |      1.   The foregoing order represents the best
25 | estimate of the court and counsel as to the agenda most suitable
26 | to bring this case to resolution.   The trial date reserved is
27 | specifically reserved for this case.   If the parties determine at
28 | any time that the schedule outlined in this order cannot be met,

1 | counsel are ordered to notify the court immediately of that fact
2 | so that adjustments may be made, either by stipulation or by
3 | subsequent scheduling conference.

4 |   2. Stipulations extending the deadlines contained
5 | herein will not be considered unless they are accompanied by
6 | affidavits or declarations, and where appropriate attached
7 | exhibits, which establish good cause for granting the relief
8 | requested.

9 |   3. Failure to comply with this order may result in
10 | the imposition of sanctions.

11 |

12 | IT IS SO ORDERED.

13 | Dated:  **August 20, 2009**    **/s/ Oliver W. Wanger**
14 |             UNITED STATES DISTRICT JUDGE

10